[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

————————————————

No. 18-12997

————————————————

Agency No. 022941-15

BARRY G. CONNER and
BRIDGET H. CONNER,

Petitioners – Appellants,

versus

COMMISSIONER OF INTERNAL REVENUE,

Respondent – Appellee.

————————————————

Petition for Review of a Decision of the
U.S. Tax Court

————————————————

(May 31, 2019)

Before MARCUS and HULL, Circuit Judges, and WRIGHT,* District Judge.

PER CURIAM:

---

* Honorable Susan Webber Wright, United States District Judge for the Eastern District of Arkansas, sitting by designation.

Barry G. and Bridget H. Conner ("the Conners"), married taxpayers, appeal from a final decision of the United States Tax Court finding them liable for income tax deficiencies.  After review and oral argument, we affirm.

The Conners petitioned the Tax Court for redetermination of deficiencies and accuracy-related penalties noticed by Commissioner of Internal Revenue ("Commissioner") for tax years  2012 and 2013.  The Tax Court sustained the Commissioner's determinations in part, found for the Conners in part, and entered a final decision assessing a deficiency of $163,947 for the 2012 tax year, no deficiency for the 2013 tax year, and no penalties due.  On appeal, the Conners contest the Tax Court's holdings that: (1) a loss incurred from the sale of real estate in 2013 was properly characterized as a capital loss, not an ordinary business loss, because the Conners held the property as an investment; (2) expenses incurred by LLCs related to real estate holdings were investment expenses, deductible subject to 26 U.S.C. §§ 212 and 163(d), and did not qualify as ordinary and necessary business expenses, deductible under 26 U.S.C. § 162; (3) deductions for LLCs' expenses were subject to passive activity rules under 26 U.S.C. § 469; and (4) a net operating loss incurred in 2011 and claimed on the Conners' 2012 return was properly disallowed.

2

We affirm based on the findings of fact and conclusions of law set forth in the Tax Court's thorough and well-reasoned final opinion filed on January 22, 2018.[1]

**AFFIRMED**.

---

[1] We add only our observation that the Tax Court took an unnecessary but harmless detour in considering whether Petitioner Barry G. Conner qualified as a real estate professional under § 469(c)(7)(B).  The Commissioner did not dispute that Conner was a real estate professional, and the dispositive question, which the Tax Court correctly analyzed and answered in the negative, was whether Conner satisfied the material participation requirement.